UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FREDRICK D. GROSS, JR.       ]
    Plaintiff,               ]
                             ]
v.                           ]      No. 3:11-0883
                             ]      JUDGE HAYNES
METROPOLITAN GOVERNMENT OF   ]
NASHVILLE, et al.            ]
    Defendants.              ]

M E M O R A N D U M

Plaintiff, Fredrick D. Gross, Jr., a pretrial detainee at the Davidson County Criminal Justice Center filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Metropolitan Government of Nashville ("Metro"); the Davidson County Sheriff's Department; Curtis Hafley, a Metro police detective; Jerry and Cheldrana Conley; and five local news outlets. Plaintiff seeks damages arising out of his arrest.

On June 14, 2011, the Plaintiff was arrested and charged with two counts of first degree murder. Plaintiff alleges his arrest was based upon false accusations against him by the Conleys and Detective Hafley. Thus, Plaintiff alleges that the local news outlets' coverage of the story defamed him.

To state a claim for relief under 42 U.S.C. § 1983, the Plaintiff must plead and prove that the defendants, while acting

1

under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States.

To state a claim of false arrest or false imprisonment, the Plaintiff must allege the lack of probable cause to justify his arrest and prosecution. Thacker v. City of Columbus, 328 F.3d 244 (6th Cir. 2003). Probable cause has been defined as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense". Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). A valid arrest and prosecution based upon then-existing probable cause is not vitiated simply because the suspect is later found innocent. See United States v. Covelli, 738 F.2d 847, 854 (7th Cir. 1984).

Although Plaintiff alleges that he was falsely accused, Plaintiff fails to allege any facts suggesting the absence of probable cause to justify his arrest and pending prosecution. Plaintiff's conclusory allegations do not state a viable claim. Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985).

As to the local news entities, Plaintiff asserts a defamation claim for their coverage of his arrest. As private entities, these Defendants did not act under color of state law in reporting on Plaintiff's story. Moreover, defamation is not a constitutional tort. Paul v. Davis, 424 U.S. 693 (1976). Consequently, Plaintiff

fails to state a Section 1983 claim against these defendants.

Absent constitutional violation, Plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court must dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
United States District Judge
11-22-11